UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
Joseph Desimone,

**COMPLAINT**
**Plaintiff Demands a Trial by Jury**

Plaintiff,

-against-

Docket #

County of Suffolk, The Suffolk County Police
Department, Detective John Vitale, Shield #1586,
Sergeant Keith Serper, Shield #641, John Doe#1;
And John Doe "2,

Defendants.

-----------------------------------------------------------------X

Plaintiff, JOSEPH DESIMONE, by his attorney, the LAW OFFICES OF JOHN B. ZOLLO, P.C., as and for his Complaint, hereby alleges as follows, upon information and belief:

## PARTIES, VENUE, AND JURISDICTION

1. At all times hereinafter mentioned, Plaintiff Joseph Desimone, ("Plaintiff"), an adult male, was a resident of Suffolk County, within the State of New York.

2. At all relevant times hereinafter mentioned, Defendant County of Suffolk ("Suffolk County") was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the Suffolk County Police Department ("SCPD"), and their employees.

3. At all times hereinafter mentioned, Defendant Detective John Vitale, ("Defendant Vitale") was a member of the SCPD, employed, retained, trained and supervised by Suffolk County. Defendant Vitale is sued herein in his official and individual capacities.

4. At all times hereinafter mentioned, Defendant Sergeant Keith Serper ("Defendant Serper") was a member of the SCPD, employed, retained, trained and supervised by Suffolk County. Defendant Serper is sued herein in his official and individual capacities.

5. At all times hereinafter mentioned, Defendant John Doe #1 ("John Doe #1") was a member of the SCPD, employed, retained, trained and supervised by Suffolk County. John Doe #1 is sued herein in his official and individual capacities.

6. At all times hereinafter mentioned, Defendant John Doe #2 ("John Doe #2") was a member of the SCPD, employed, retained, trained and supervised by Suffolk County. John Doe #2 is sued herein in his official and individual capacities.

7. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§1331, 1343 and 1367, and 42 U.S.C. §1983.

8. Venue is properly laid, pursuant to 28 U.S.C. §1391, *et seq.* in the Eastern District of New York, where Plaintiff and Defendant, County of Suffolk, reside, and where the actions complained of herein occurred.

9. That Plaintiff timely served his Notices of Claim on the municipal Defendant and complied with all conditions precedent to commencing an action under state law.

10. At least 30 days have elapsed since service of Plaintiff's Notices of Claim and adjustment and payment thereof has been neglected or refused.

11. That the within action has been initiated within one year and ninety days of the happening of the events of which Plaintiff complains.

## **RELEVANT FACTS**

The sequence of events which led to the Plaintiff's arrest are as follows:

12. On January 6, 2019, the Plaintiff, who owns and operates a pizzeria, was held up in his store by two unknown assailants. These persons took more than $1,200.00 from him. As a consequence of that robbery the Plaintiff dialed 911 and filed a police report. The Plaintiff did not file an insurance claim for the theft of the money.

13. Thereafter, on October 10, 2019, at approximately 9:30 a.m., the Plaintiff was held up again by two unknown assailants. They took approximately $80.00 from the register. He was knocked unconscious and a vendor who buys pizza for his catering truck, Mr. John Palermo, found the Plaintiff unconscious and on the floor. Mr. Palermo tended to the Plaintiff and he asked the deli owners, next door, to call 911. The responding police officers, because of the Defendant's medical history and loss of consciousness, had him taken by ambulance to Stony Brook Hospital, Stony Brook, New York. The Plaintiff did not call the police on this occasion and he did not file any police report.

14. As a consequence of these two unresolved robberies, on or about October 29, 2019, the Plaintiff, Joseph DeSimone was asked to appear at the Suffolk County Police Department's Fourth Precinct in Smithtown allegedly, to look at photos of possible suspects who broke into his pizza business on October 10, 2019 and robbed him and his business.

15. Using deception and misinformation, the Detectives lured Plaintiff to the Precinct in order to interrogate him with respect to a police report that was filed on his behalf on October 10, 2019.

16. When the Plaintiff arrived at the Precinct to view photos, the police officers immediately began interrogating him about the robberies that had occurred at his pizzeria.

17. Once the interrogation began, and the Plaintiff felt uncomfortable with what was occurring, the Plaintiff informed the interrogating officers that he wanted to call and speak with his attorney. His request was refused and ignored.

18. Defendants responded to the request by telling the Plaintiff, "if this is the way you want it to go," and placed handcuffs on him and told him that he was under arrest for filing a false police report.

19. From the time of his arrest, when the handcuffs were placed on him, until he was processed, fingerprinted, posted bail and issued a desk appearance ticket, the Plaintiff was restrained and in police custody.

20. In spite of repeated requests by the Plaintiff to call his attorney, the Defendants continued to interrogate and intimidate the Plaintiff concerning the robberies at his place of business and telling him that he had filed a false report and that they just wanted to close out this file.

21. From the time the Plaintiff arrived at the precinct, the Defendants had all intentions of charging him with the crime of filing a false instrument.

22. At no time, while the Plaintiff was in police custody, did the Defendants ever read Plaintiff his Miranda rights. Once they informed Plaintiff that he was under arrest, the Defendants put handcuffs on the Plaintiff and began to process him based upon the criminal charge they filed against him.

23. The Defendants went through the Plaintiff's pockets and took One Hundred Dollars ($100.00) from the money that Plaintiff had in his pockets and posted the bail for Plaintiff.

24. Plaintiff had, to the best of his recollection approximately Four Hundred Dollars ($400.00) in his pockets at the time of his arrest. The remaining money that was removed from his pockets by the arresting Defendants was never recovered or returned.

25. At that time of plaintiff's arrest, Defendants charged him with two counts of violation of Penal Law §240.50 subd. 3(a), Falsely Reporting an Incident in the Third Degree.

26. Defendants went through Plaintiff's personal belongings, took $100.00 of his money to post for bail and gave him a desk appearance ticket to appear in First District Court, Central Islip, New York, on January 10, 2020.

27. The Plaintiff called 911 and filed a police report as result of the first robbery that occurred on January 6, 2019. Plaintiff did not submit any claim to his insurance company for the money that was stolen.

28. The Plaintiff did not place a call to 911 as a result of the second robbery that occurred on October 10, 2019. The call to 911, and the request for police to come to the Pizzeria, was placed by the deli owners at the request of John Palermo, the catering truck operator.

29. As a consequence of the actions of these Defendants, the Plaintiff was required to appear in Court on at least three (3) separate occasions thereafter.

30. On October 7, 2020, the prosecution against the Plaintiff was adjourned in Contemplation of Dismissal for thirty (30) days.

31. On November 6, 2020, the prosecution was dismissed, making the Plaintiff the prevailing party.

32. At all times hereinafter mentioned, the Defendants were acting within the scope of their employment with the Suffolk County Police Department and the County of Suffolk, and

their acts were done in furtherance of Suffolk County's interests and without legal justification or excuse.

33. The Defendants' actions in arresting the Plaintiff were objectively unreasonable, illegal, and not based upon any probable cause.

34. At no time did there exist sufficient cause to seize or arrest the Plaintiff, nor could the Defendants have reasonably believed that such cause existed.

35. At no time did any one of the Defendants, take any steps to intervene in, prevent, or otherwise limit the heretofore misconduct engaged in against the Plaintiff.

36. That at all times relevant herein, the Defendants were on duty and the Defendants were all acting within the scope of their employment, and the Defendants' unlawful acts were committed in furtherance of the County of Suffolk's interests, and without legal justification or excuse.

## **FIRST CAUSE OF ACTION**

37. Plaintiff repeats the allegations contained in paragraphs "1" through "36" above as though stated fully herein.

38. Defendants willfully and intentionally seized, searched, detained and arrested Plaintiff without probable cause, and without reasonable basis to believe such cause existed.

39. By doing so, the individual Defendants, individually and collectively, subjected the Plaintiff to false arrest and imprisonment, unlawful searches of person and property, denial of due process, and malicious prosecution, and thereby violated, conspired to violate, and aided and abetted in the violation of Plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

40. By reason thereof, the individual Defendants have violated 42 U.S.C. §1983 and caused Plaintiff to suffer emotional and physical injuries, financial harm, mental anguish, and the deprivation of liberty, and the loss of his constitutional rights.

## SECOND CAUSE OF ACTION

41. Plaintiff repeats the allegations contained in paragraphs "1" through "40" above as though stated fully herein.

42. At no time did the Defendants have any legal basis for arresting or imprisoning Plaintiff, nor by the Defendants having commenced and perpetuated the unlawful criminal process, including, but not limited to a period of confinement of the Plaintiff, was there any reasonable basis to believe that said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

43. The Defendants are therefore liable to Plaintiff for false arrest and false imprisonment.

44. By reason thereof, Defendants have caused Plaintiff to suffer emotional injuries, mental anguish, financial harm, the loss of his constitutional rights, and the deprivation of his liberty due to unlawful detention and incarceration.

## THIRD CAUSE OF ACTION

45. Plaintiff repeats the allegations contained in paragraphs "1" through "44" above as though stated fully herein.

46. The Defendants, individually, jointly and severally, and through their agents, servants, employees, and/or associates were responsible for the proper, adequate and necessary permissible police and law enforcement conduct with respect to any interaction with Plaintiff.

47. The police and law enforcement conduct engaged in and rendered to Plaintiff by the individual Defendants, individually, jointly and through their agents, servants, employees, and/or

associates was careless and negligent and not in accordance with good and accepted police and law enforcement practices and in violation of SCPD policies and procedures and was not otherwise reasonable conduct under the circumstances then and there existing.

48. As a result of the carelessness and negligence and violation of SCPD procedures and policies, by the respective defendants, their agents, servants, employees and/or associates, Plaintiff was caused to sustain severe and irreparable personal injury and damage.

49. By reason thereof, the Defendants have caused Plaintiff to suffer emotional and physical injury, financial harm, mental anguish, and to be unlawfully detained and incarcerated.

## FOURTH CAUSE OF ACTION

50.. Plaintiff repeats the allegations contained in paragraphs "1" through "49" above as though stated fully herein.

51. Defendants willfully and intentionally seized, arrested, and imprisoned Plaintiff without cause, and without a reasonable basis to believe such cause existed, and in so doing, violated, conspired to violate, and aided and abetted in the violation of Plaintiff's rights under Article 1, §§11, 12 of the Constitution of the State of New York.

52. Defendants' violation of Plaintiff's state constitutional rights was knowingly undertaken with the intent to deny the Plaintiff his right to full and equal benefit of the laws of the State of New York.

53. By reason thereof, Defendants have caused Plaintiff to suffer emotional and physical injuries, mental anguish, financial harm and the loss of his constitutional rights.

## FIFTH CAUSE OF ACTION

54. Plaintiff repeat the allegations contained in paragraphs "1" through "53" above as though stated fully herein.

55. As a consequence of this incident, at least one of the Defendants has caused persons involved in law enforcement and various members of the community to stop frequenting Plaintiff's pizzeria and have held the Plaintiff in a bad light in the community

56. Such actions by the Defendants were committed intentionally, wantonly, maliciously, and without any justification whatsoever.

57. The Defendants are therefore liable to Plaintiffs for interfering with his business and subsequent loss of revenue and income.

58. By reason thereof, Defendants have caused Plaintiff to suffer economic harm and loss of income in his business.

## **DEMAND FOR A JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the Plaintiff demands judgment against all the Defendants jointly and severally as follows:

1. on the causes of action one through five, actual and punitive damages in an amount to be determined at trial;

2. statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of the action; and

3. such other relief as the Court deems just and proper.

Dated: Smithtown, New York
       January 25, 2021

Respectfully submitted,

Law Offices of
John B. Zollo, P.C.
Attorneys for Plaintiff
12 Manor Road
Smithtown, New York 11787
(631) 979-9022

By: _____
     John B. Zollo (J25553)